1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
docket@phillipsdayeslaw.com

2

3

4

5
JOHN L. COLLINS
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
TREY DAYES
Arizona Bar No. 020805
treyd@phillipsdayeslaw.com

6

7

8

Attorneys for Plaintiff

9

10
## UNITED STATES DISTRICT COURT

11
## DISTRICT OF ARIZONA

12

13
| Patricia Borquez; | Case No.: _____ |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Lemuel L. Lollis IRA, LLC, d/b/a Asadero Hot Dogs., a domestic corporation; and Lemuel Lollis; | **JURY DEMAND** |
| Defendants. | |

14

15

16

17

18

19

20
Plaintiff Patricia Borquez, by and through John L. Collins and Trey Dayes, of and

21
for the PHILLIPS DAYES LAW GROUP PC, for her Complaint against Defendants Lemuel

22
L. Lollis IRA, LLC, d/b/a Asadero Hot Dogs., and Lemuel Lollis avers as follows:

23
//

24
//

25

## NATURE OF THE CASE

1.     The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.     Arizona law also protects employees from employers seeking to pay less than minimum wage.

4.     Under Arizona law, employers are required to pay minimum wages, currently set by the State at a rate of $7.90 per hour.

5.     An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

6.     Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages and failure to pay minimum wage in direct violation of the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and under the Arizona Minimum

Wage Act, A.R.S. § 23-362, *et seq.*.

7.    For at least three years prior to the filing of this action, Defendants had a

consistent policy and practice of paying its employees less than the minimum wage.

8.    For at least one year prior to the filing of this action, Defendants had a

consistent policy and practice of requiring its employees to work well in excess of forty

(40) hours per week without paying them time and a half for hours worked over forty

(40) hours per week.

9.    For at least one year prior to the filing of this action, Plaintiff worked at least

ten (10) hours in excess of forty (40) hours per week and was not paid at one and one-half

times her regular rate of pay for these hours.

10.   Plaintiff seeks to recover unpaid overtime compensation and an equal amount

of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and

costs pursuant to 29 U.S.C. § 216(b).

11.   Plaintiff further seeks unpaid wages under Arizona law.

## JURISDICTION AND VENUE

12.   This Court has jurisdiction over the subject matter and the parties hereto

pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

13.   Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within

the boundaries of this judicial district and a significant portion of the events complained

of herein occurred in the State of Arizona.

1

## PARTIES

2       14.   At all times material hereto, Plaintiff Patricia Borquez was and continues to

3   be a resident of Pima County, Arizona.

4       15.   On information and belief, at all times material hereto, Defendant Lemuel L.

5   Lollis IRA, LLC, d/b/a Asadero Hot Dogs., was and continues to be an entity organized

6   under the law of the State of Arizona, doing business in Pima County, Arizona, and is

7   subject to the jurisdiction of this Court.

8       16.   On information and belief, at all times material hereto, Defendant Lemuel

9   Lollis was and continues to be a resident of Pima County, Arizona, and is subject to the

10  jurisdiction of this Court.

11

12      17.   On information and belief, Defendant Lollis made all managerial and

13  operational decisions on behalf of the business.

14      18.   At all relevant times, Plaintiff was an "employee" of Defendants, as defined

15  by 29 U.S.C. § 203(e)(1) and by A.R.S. § 23-362(A) (Version 2).

16      19.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

17      20.   At all relevant times, each Defendant was and continues to be an "employer"

18  as defined in 29 U.S.C. § 203(d) and in A.R.S. § 23-362(B) (Version 2).

19      21.   Each Defendant should be deemed an "employer" for purposes of the FLSA

20  including, without limitation, 29 U.S.C. § 216 and A.R.S. § 23-362(B) (Version 2).

21

22      22.   All Defendants are co-equally liable for all matters.

23

24

25

23.   At all times material to this action, Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

24.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

25.   Defendant Lemuel L. Lollis IRA, LLC, d/b/a Asadero Hot Dogs., owns and operates a hot dog stand and restaurant in Tucson, Arizona.

26.   On information and belief, Defendant Lollis owns an interest in Defendant Lemuel L. Lollis IRA, LLC, d/b/a Asadero Hot Dogs., and runs and manages all aspects of the business.

27.   Defendants hired Plaintiff to work as a stand attendant in June 2013.

28.   Plaintiff's job responsibilities include preparing and serving food to customers.

29.   Plaintiff had no managerial responsibilities.

30.   Plaintiff had no authority to hire or fire other employees.

31.   Plaintiff supervised no other employees.

32.   During her tenure as an employee for Defendants, Plaintiff worked between up to sixty-two hours per week and was not compensated for any of her overtime

33.   Defendants also did not pay Plaintiff for all her hours worked below forty hours in a week.

34.   For example, during the week of November 5, 2013, Plaintiff worked 39 hours and was only compensated for ten hours at $10 per hour.

35.   The wages by Defendants failed to meet or exceed the minimum wage required by either the FLSA or by Arizona's Minimum Wage Act, A.R.S. § 23-362, *et seq*.

**COUNT ONE**
**<u>MINIMUM WAGE VIOLATION—29 U.S.C. § 206</u>**

36.   Plaintiff incorporates and adopts paragraphs 1 through 35 above as if fully set forth herein.

37.   Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

38.   Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

39.   Plaintiff is entitled to collect the difference between the wages she received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

40.   Plaintiff has been required to bring this action to recover her federal minimum wages remaining due and unpaid, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

1    WHEREFORE, Plaintiff respectfully requests that judgment be entered in her

2    favor and against Defendants:

3         a.   Awarding Plaintiff compensation in the amount due for unpaid

4              minimum wages in an amount proved at trial;

5         b.   Awarding Plaintiff liquidated damages in an amount equal to the award;

6         c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the

7              litigation pursuant to 29 U.S.C. § 216(b);

8         d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all

9              amounts awarded under subsections (a) and (b) above from the date of

10             the payment due for that pay period until paid in full;

11        e.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on

12             all awards from the date of such award until paid in full; and

13        f.   For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**OVERTIME VIOLATION—29 U.S.C. § 207**

17    41.   Plaintiff incorporates and adopts paragraphs 1 through 40 above as if fully set

18    forth herein.

19    42.   While employed by Defendants, Plaintiff regularly worked multiple hours of

20    overtime per week.

21    43.   Plaintiff was a non-exempt employee.

22    44.   Each Defendant has intentionally failed and refused to pay Plaintiff overtime

23    according to the provisions of the FLSA.

45.   On information and belief, each Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

46.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

47.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

48.   In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

49.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

50.   Defendants have not made a good faith effort to comply with the FLSA.

51.   Plaintiff has been required to bring this action to recover her federal overtime wages remaining due and unpaid, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.  Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendant, in an amount proved at trial;

b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

## COUNT THREE
## MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, -364

52.  Plaintiff incorporates and adopts paragraphs 1 through 51 above as if fully set forth herein.

53.  Pursuant to A.R.S. § 23-363, Defendants were required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiff worked.

54.   Defendants willfully failed and refused to pay Plaintiff at least the amount of the Arizona minimum wage when those wages were due.

55.   Plaintiff is entitled to collect the difference between the wages she received and the wages due, over the past two years, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

56.   Plaintiff has been required to bring this action to recover her Arizona minimum wages remaining due and unpaid, and her statutory damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants:

A.  Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount to be proved at trial;

B.  Awarding Plaintiff an additional amount equal to twice the underpaid wages;

C.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of litigation pursuant to A.R.S. § 23-364(G);

D.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (A) and (B) above from the date of the payment due for that pay period until paid in full;

E.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

F.  For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## <u>FAILURE TO PAY WAGES</u>

57.   Plaintiff incorporates and adopts paragraphs 1 through 56 above as if fully set forth herein.

58.   On information and belief, Defendants failed to pay Plaintiffs "wages," as that term is defined by A.R.S. § 23-350, at Plaintiff's regular rates of pay while Plaintiff was employed by Defendants.

59.   On information and belief, Defendants' failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

60.   Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

61.   Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendants:

g.    Awarding Plaintiff regular compensation in the amount due to her for all of her time worked for which Defendants provided no compensation while at work for Defendants;

h.    Awarding Plaintiff treble the amounts calculated pursuant to the preceding paragraph;

i.      Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

j.      Awarding Plaintiff costs and expenses reasonably incurred in this action;

k.      Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

l.      Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

For such other and further relief as the Court deems just and proper

**COUNT FIVE**
**DECLARATORY JUDGMENT**

62.   Plaintiff incorporates and adopts paragraphs 1 through 61 above as if fully set forth herein.

63.   Plaintiff and Defendants have a dispute pending regarding the payment of minimum wages and overtime compensation.

64.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

65.   Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a.   Defendants employed Plaintiff.

b. Defendants are engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

c. Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

d. Plaintiff is entitled to wages at a rate equal to or exceeding the federal minimum wage rate pursuant to 29 U.S.C. § 206.

e. Plaintiff is entitled to wages at a rate equal to or exceeding the Arizona minimum wage rate pursuant to A.R.S. § 23-363.

f. Plaintiff is entitled to overtime wages at a rate one and one-half times her regular rate of pay for each hour worked in excess of forty hours per week, pursuant to 29 U.S.C. § 207.

g. Defendants' failure or refusal to pay minimum wages and overtime wages at the required rates was willful.

h. Plaintiff is entitled to an amount as liquidated damages under the FLSA.

i. Plaintiff is entitled to an additional amount of damages under the Arizona Minimum Wage Act equal to twice the amount of minimum wages not paid by Defendants to Plaintiff.

j. Defendants did not rely on any good faith defense in their failure to abide by the provisions of the FLSA, the Arizona Minimum Wage Act, or the Arizona Wage Act in their failures to pay overtime compensation and minimum wages at the required rates and to pay earned wages when they became due.

k.  Plaintiff is entitled to recover unpaid minimum wages and overtime compensation for a period of three years prior to the filing of this Complaint.

66.  It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

67.  The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.  Declaring that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b.  Awarding Plaintiff his reasonable attorneys' fees and the costs and expenses of the litigation; and

c.  For such other and further relief as the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **DEMAND FOR JURY TRIAL**

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: June 9, 2014

Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

By: /s/ John L. Collins
John L. Collins
Arizona Bar No. 030351
johnc@phillipsdayeslaw.com
Attorney for Plaintiffs